J. T. ECTON, ET AL. *v.* FIELDING M. SMITH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—216, 218, 224.]

**Quieting Title to Real Estate.**

In order to give jurisdiction to remove a cloud upon a title to real estate it must appear that the deed or other instrument constituting the cloud may be used to injuriously embarrass and affect the title of the plaintiff.   It must be a case where extrinsic evidence would be required to show the falsity of the claim and not merely a case for construction.

**Suit to Settle an Estate.**

A suit to settle or resettle an estate must be brought in the county in which the personal representative qualified.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

September 27, 1884.

OPINION BY JUDGE HINES:

This action was instituted by appellants in the Clark County Court of Common Pleas, in which it is in substance alleged that the father of appellant, Mrs. Ecton, gave to her certain real estate in said county

with an attempted equal division of the personalty after charging advancements; that her father died in the county of Jefferson and the estate was then settled and distributed, appellant taking possession of and occupying the land in Clark county, this action being against the other devisees of her father. The petition in substance alleges that it was the intention of the testator to make an equal distribution of his estate among his children, the devisees, but that if she is charged with the value of the land as set forth in the will as an advancement it will result that the other children and devisees will have received more than she has received of the estate, provided it should be held that she has not an absolute fee in the land devised to her, alleging that appellees are claiming that she has only a life estate or at most a defeasible fee, and asking that the so-called cloud upon her title be removed by declaring the fee to be in her, or in the event that can not be done that she be made equal with the other devisees. The provisions of the will under which the feme covert appellant takes is as follows:

"My daughter, Alice Ecton, one heir, to share in equal division after advancements considered. Advancements to date is land in Clark county, Kentucky, and other articles to date, $3,116.50, this my will gives to said Alice and the natural heirs of her body; but if she died without said heirs her portion of my estate shall return to my estate to be divided between my other heirs. $3,116.50, Thirty-one hundred and sixteen dollars and fifty cents."

The petition also alleges that Mrs. Ecton has no children. A demurrer to the petition was sustained and from that ruling this appeal is taken.

It is clear beyond dispute that the provision of the will under which Mrs. Ecton claims creates in her a defeasible fee, and it is equally clear that the petition does not present a case for the removal of a cloud upon the title. In order to give jurisdiction to remove a cloud upon title it must appear that the deed or other instrument constituting the cloud may be used to injuriously or vexatiously embarrass and affect the title of the complainant. It must be a case where extrinsic evidence would be required to show the falsity of the claim, and not merely a case for construction. Here the question presented is purely one of construction, both parties claiming under the same instrument.

The testator having the unquestioned right to devise his property

as he chose, to affix any conditions that might suit his views of justice, the valuation placed upon the land devised to Mrs. Ecton will go as an incident to the devise.

The alternative relief sought of a re-distribution and equalization among the devisees would involve a re-settlement of the estate in a county different from that in which the personal representative qualified. This could not be done under sections 64 and 65 of the Civil Code.

Judgment *affirmed.*

*Wm. Beckner, W. Lindsay, for appellants.*

*Breckinridge & Shelby, for appellees.*

[Cited, in *Newman v. Ecton,* 100 Ky. 653, 14 Ky. L. 793, 21 S. W. 526; *Chamberlain v. Berry's Exr.,* 22 Ky. L. 46, 56 S. W. 659; *Harvey v. Bell,* 118 Ky. 512, 26 Ky. L. 381, 81 S. W. 671.]